J. P. Mourin Company
vs.                           No.57601
Winchester Company
December 10, 1925

BAKER, J. Heard on plaintiff's demurrer to the second and third pleas to plaintiff's second amended declaration. The demurrer to the defendant's fourth plea was not pressed.

The action is at law for damages for breach of a certain agreement as set out in the plaintiff's second amended declaration.

The defendant's second plea sets up as matter of defence that after the time of the agreement alleged in the declaration the parties reduced to writing their several supposed agreements and understandings in a contract duly signed and dated, a copy of which is set out in the plea.

The chief ground of demurrer urged is that this agreement shows on its face that it was to be considered merely as a modification of and an amplification of the terms of the certain lease or agreement referred to in the declaration.

After a careful examination of the plea the Court is of the opinion that the demurrer thereto should not be sustained. The plea merely alleges, as a matter of fact, that after the time of the agreement mentioned in the declaration the parties reduced to writing, in a contract duly signed, their several supposed agreements and understandings. In the judgment of the Court it would seem that the plaintiff should have no difficulty in meeting this allegation of fact as it may see

fit. It seems clear that the defendant, if it desires, should have the right to present this contract or agreement referred to in the second plea as a matter of defence. The proper scope of that agreement, its meaning, the construction to be given it when taken into consideration with all the other evidence in the case, are matters to be determined at the time of the trial.

In the judgment of the Court, therefore, the demurrer to the second plea should be overruled.

The third plea is in its nature a plea of res adjudicata. It sets out at considerable length the fact that prior to the bringing of the present proceedings a certain bill in equity was brought in the Superior Court for Bristol County in the Commonwealth of Massachusetts by the plaintiff in this case against the present defendant and others, which proceeding, it alleges, was based on the same cause of action as is now before the Court, and which matter, it is alleged, terminated in favor of the defendant company.

The principal grounds of demurrer are that the facts alleged in the plea do not constitute a bar to the maintenance of the action set out in the plaintiff's declaration, and, further, that it appears that the bill in equity was not heard or decided on its merits.

It appears from the plea that the bill in equity in question was brought primarily for the specific performance of an agreement similar to the agreement set out in the plaintiff's declaration, and for other relief by way of injunction. It is true that the bill asks that damages be awarded but it is clear that this prayer was merely incidental to the general relief sought. There was a demurrer to this bill and the demurrer was sustained by the Court on the ground, as to the defendant company, that the plaintiff was seeking to have enforced a defeasible agreement, which is not permitted in equity. Thereafter, by stipulation, the

appeal from the decision of the Court on this demurrer was dismissed.

It is clear that the fact that other parties were involved in addition to the defendant company does not necessarily prevent the plea from being good, nor does the fact that the decision was on demurrer make the plea bad, provided the demurrer was on the merits of the question involved and not merely formal. In order, however, to be able to plead the determination in a prior suit as res adjudicata in the second proceeding, it would seem that the actual substantial merits of the whole proceeding must have been determined and that the theory of the two actions with respect to the legal effect of the facts in issue must be the same. From an examination of the plea and the exhibits attached thereto, the Court does not believe this to be the situation.   The present case is an action at law for damages for breach of a certain agreement as set out in the declaration.  The prior proceeding was a bill in equity for specific performance of a somewhat similar agreement, which the Court said equity would not enforce because it was defeasible.   It is very possible that in the action at law certain facts might be proven which might show a breach of such an agreement and might justify damages being awarded. Often a party has a remedy at law where he has none in equity.

Cyc, Vol. 23, pages 1116, 1141, 1159, 1167, 1168.

After a careful consideration of the third plea, the Court is of the opinion that it does not set up matters which are res adjudicata in the present proceeding.

The demurrer to the third plea is sustained.

For Plaintiff:   Daniel H. Morrissey.

For Defendant:    Swan, Keeney & Smith.